termination of the question involved, both to the state of Ohio and to the defendant. The *alibi* was assailed by the state, and we are impelled to the conclusion that it was not without flaws. The question was properly submitted to the jury, who had the opportunity of observing all of the witnesses who testified, and attaching such weight to their testimony as they believed proper.

We think the evidence on the subject of the *alibi*, as well as on the other issues involved, was such that the jury were justfied in returning a verdict of guilty, and we must decline, therefore, to interfere with that verdict on the ground that it is not sustained by sufficient evidence.

We have examined all of the errors assigned in this case, and find nothing prejudicial to the rights of the plaintiff in error. It follows from the conclusions reached in these cases that the judgment in each case must be affirmed.

---

### INTOXICATION UNDER THE STATUTE.

Circuit Court of Licking County.

AL. A. GARD v. STATE OF OHIO.

Decided, October Term, 1912.

*Construction of the Act Relating to Being "Found in a State of Intoxication"—Proof Required to Convict—Section* 13194.

The degree of intoxication contemplated by the statute providing a penalty therefor is not established by proof of a flushed face, or the smell of liquor on the breath, or a disposition to talk freely or loudly, but refers rather to a condition in which control has been lost either of the faculties or the muscles of locomotion.

*McDonald & Moore,* for plaintiff in error.
*Roderic Jones,* City Solicitor, contra.

BY THE COURT (VOORHEES, SHIELDS AND POWELL, JJ.).

The plaintiff in error was arrested upon a charge of being found in a state of intoxication; and, upon a trial had before the

mayor of the city of Newark, was convicted.  The case is brought to this court for review of the judgment of the mayor upon such trial.

There are various degrees of intoxication.  The statute is that "whoever is found in a state of intoxication shall be fined five dollars."  The proof shows that the plaintiff, at the time of his arrest, had a flushed face; was talkative, talking loudly, and that his breath smelled of intoxicating liquors that could be detected three or four feet away.  These are the only things that tended to show the truth of the complaint charged.  We are of the opinion that the statute contemplates something different from what the proof shows; that while any sort of exhilaration from the use of intoxicating beverages might be termed "intoxication," yet the statute contemplates that something more than is shown by the proof in this case should be included in the charge made.  "Whoever is *found* in a state of intoxication" would, by implication, mean that the party accused had lost control to some extent either of his faculties or possibly of his muscles.  Nash's Pl. & Practice, 5th Ed., Sec. 1719.

This court is of the opinion that the proof does not sustain the charge; that the judgment of the mayor is against the evidence, and against the weight of the evidence, and the same will be reversed and the prisoner discharged.

Exceptions may be noted.